## SIMS vs. PORTER.

Assumpsit for use and occupation, may be sustained, although the contract of lease was by parole.

ASSUMPSIT, for use and occupation, pasturing cattle, goods sold and delivered, money lent, &c., &c.

PLEA—Non-Assumpsit, with notice of set-off.

It appeared, by the evidence, that the plaintiff had hired the defendant's farm and buildings for one year. The defendant reserved a part of the dwelling house for his own use, and such part was excepted in the lease. The plaintiff produced, and proved by his own oath, a book account against the defendant, which, amongst other items, charged the defendant with rent for the use and occupation of a spring house, and part of the barn, for six months.

HAMMOND, for the defendant, asked the court to charge the jury, that by force of the statute of frauds, the plaintiff could not recover rent on a parole lease.

GOODENOW, for plaintiff.

PRESIDENT.—The statute of frauds does not affect this question— it is not a case within it—a parole contract for the lease of those buildings, would be a mere naked agreement, giving no right of action to enforce it; but such contract is not *illegal*—and though it is contrary to the policy of the law, to aid in enforcing it while it remains executory, yet after it has been executed between the parties, an action for use and occupation well lies; and there is neither reason or law against it. Beside, it does not come well from the defendant, after having had the use of these premises, to say that his lease was not in due legal form; if it were necessary to sustain this demand, I would presume that he had a memorandum in writing, to entitle him to hold possession; but whether he had a written lease or not, he is equally liable, if it is proven to the satisfaction of the jury that he has had the use of the buildings.

Verdict for the plaintiff.